**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| ROYAL WHITAKER III and | ) | |
| SUSAN WHITAKER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | No. 03-2551-CM |
| TRANS UNION CORPORATION, | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC., and | ) | |
| CSC CREDIT SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

<u>**ORDER**</u>

On February 3, 2005, the Honorable G. Thomas VanBebber granted Trans Union Corporation's ("Trans Union") and Experian Information Solutions, Inc.'s motions for summary judgment and denied plaintiffs' motion for summary judgment (Doc. 213).  The clerk of the court subsequently entered judgment on February 4 (Doc. 214).  Plaintiffs filed a Motion for Disallowance (Doc. 226) of Trans Union's bill of costs, which the court granted on August 10, 2005.  Now pending before the court is Defendant Trans Union LLC's Motion for Reconsideration (Doc. 234), which asks the court to reconsider its August 10, 2005 Order.

The court, in its discretion, decided not to award Trans Union costs for two reasons: (1) Trans Union's requested costs ($4,569.92) did not match the affidavit supporting the request ($3,377.55); and (2) Trans Union failed to file a copy of the court's bill of costs form or an itemization for all the costs being sought by Trans Union.  The court noted that "the burden is on the party seeking costs . . . to establish the

amount of compensable costs and expenses to which it is entitled and [that party] assumes the risk of failing to meet that burden," *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248 (10th Cir. 2002) (citation omitted), and the court held that Trans Union failed to meet that burden.

Local Rule 7.3(b) provides that "[a] motion to reconsider shall be based on (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." Trans Union claims that the court should reconsider its order denying costs to prevent manifest injustice. Specifically, Trans Union argues that as a matter of course, Fed. R. Civ. P. 54(d)(1) awards taxable costs to a prevailing party, and that manifest injustice would occur if Trans Union is not allowed to recover its costs. Trans Union has now provided the court with a bill of costs requesting $4,117.76, with itemization and documentation also totaling that number.

Trans Union represents to the court that the omissions and errors in its previous request for costs were due to an electronic filing mix-up and scrivener's error, at least in part because Trans Union is represented by both national and local counsel. The court finds that Trans Union has shown that, as a prevailing party, it will suffer manifest injustice if it is not allowed to recover costs as provided by 28 U.S.C. §1920 and Fed. R. Civ. P. 54(d)(1). The court is mindful that "the denial of costs is 'in the nature of a severe penalty,' and 'there must be some apparent reason to penalize the prevailing party if costs are to be denied.'" *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004) (citations omitted). Because the court finds no reason to penalize Trans Union, the motion for reconsideration is granted, and the clerk of the court shall tax costs in accordance with the applicable law.

**IT IS THEREFORE ORDERED** that Defendant Trans Union LLC's Motion for Reconsideration (Doc. 234) is granted.

Dated this 14th  day of October 2005, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**